1

2

3

4

5

6

7

8

9  **UNITED STATES DISTRICT COURT**

10  **DISTRICT OF NEVADA**

11  **\* \* \***

12
| | |
|---|---|
| TRUSTEES OF THE BRICKLAYERS & | Case No.: 2:10-cv-02066-RLH-VCF |
| ALLIED CRAFTWORKERS LOCAL 13 | |
| DEFINED CONTRIBUTION PENSION | **O R D E R** |
| TRUST FOR SOUTHERN NEVADA; | |
| TRUSTEES OF THE BRICKLAYERS & | (Motion to Dismiss–#11; |
| ALLIED CRAFTWORKERS LOCAL 13 | Countermotion for Summary |
| HEALTH BENEFITS FUND; TRUSTEES OF | Judgment–#15; |
| THE BRICKLAYERS & ALLIED | Motion for Summary Judgment–#26; |
| CRAFTWORKERS LOCAL 13 VACATION | Motion to Substitute Party–#35) |
| FUND; BRICKLAYERS & ALLIED | |

13

14

15

16

17
CRAFTWORKERS LOCAL 13 NEVADA;

18
TRUSTEES OF THE BRICKLAYERS &
TROWEL TRADES INTERNATIONAL

19
PENSION FUND; TRUSTEES OF THE
BRICKLAYERS & TROWEL TRADES

20
INTERNATIONAL HEALTH FUND; and
TRUSTEES OF THE INTERNATIONAL

21
MASONRY INSTITUTE,

22
                    Plaintiffs,

23
         vs.

24
JIM BIRD TILE & MARBLE, INC.; JAMES B.
BIRD,

25

26
                    Defendants.

1        Before the Court is Defendant James B. Bird's **Motion to Dismiss** (#11, filed May

2  6, 2011) presumably based on Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

3  The Court has also considered Plaintiffs' Opposition (#14, filed May 23).  Bird did not file a

4  Reply.

5        Also before the Court is Plaintiffs' **Countermotion for Summary Judgment** (#15,

6  May 23) against Bird, who did not file an Opposition.

7        Also before the Court is Plaintiffs' **Motion for Summary Judgment** (#26, Aug. 3)

8  against Defendant Jim Bird Tile & Marble, Inc., which did not file an Opposition.

9        Finally, before the Court is Plaintiffs' **Motion for Substitution of Party** (#35, Jan.

10  10, 2012), requesting that Defendant Bird's spouse, Maureen Bird, as Special Administrator to the

11  Estate of James B. Bird, be substituted as Defendant in this case.

12                       **BACKGROUND**

13        Plaintiffs brought this case under the Employee Retirement Income Security Act of

14  1974 ("ERISA"), 29 U.S.C. § 1002, *et seq*.  Plaintiffs are Bricklayers & Allied Craftworkers Local

15  13, Nevada, (the "Union") and the trustees of various Trusts created under the Union's collective

16  bargaining agreement (the "Labor Agreement") with various employers.  Defendants are James B.

17  Bird and his company Jim Bird Tile & Marble, Inc.  In September 2009, Jim Bird Tile & Marble,

18  Inc. agreed to comply with the requirements of the Labor Agreement, one of which was to make

19  contributions to the above-referenced Trusts.  Bird signed the Labor Agreement in his capacity as

20  president of Jim Bird Tile & Marble, Inc.  Plaintiffs claim that Jim Bird Tile & Marble, Inc. failed

21  to make contributions to the Trusts from September 2009 to February 2010.  They assert three

22  claims for relief: (1) breach of the Labor and Trust Agreements, (2) breach of fiduciary duty, and

23      (3) misappropriation of trust funds.

24        Bird filed a motion to dismiss each of Plaintiffs' claims.  Plaintiffs responded to

25  said motion and are, in turn, requesting summary judgment on all claims.  Even though the

26  deadline for Defendants to file a reply and opposition was extended on multiple occasions they

never did so.  Then in November 2011, after learning that Bird died in a car accident in California, Plaintiffs filed a motion to substitute Bird's wife, Maureen Bird, as a Defendant in this case, but only in her capacity as Special Administrator for the Estate of James B. Bird.  For the reasons discussed below, the Court grants Bird's motion to dismiss in part and denies it in part, denies Plaintiffs' motion for summary judgment against Bird, grants Plaintiffs' motion for summary judgment against Jim Bird Tile & Marble, Inc., and grants Plaintiffs' motion to substitute.

## DISCUSSION

**I.      Plaintiffs' Motion to Substitute (#35)**

Pursuant to Rule 25(a)(1) of the Federal Rules of Civil Procedure, "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party.  A motion for substitution may be made by any party or by the decedent's successor or representative." Furthermore, the Trusts' claim against Bird for unpaid contributions is not extinguished upon his death.  *See Board of Trustees of the Western Conf. of Teamsters Pension Trust Fund v. H.F. Johnson, Inc.*, 830 F.2d 1009, 1017 (9th Cir. 1987).  On November 7, 2011, James Bird passed away in an automobile accident.  (#34, Suggestion of Death).  Therefore, the Court orders that Maureen Bird be substituted for James B. Bird as a Defendant in this case, but only in her capacity as Special Administrator for the Estate of James B. Bird and not in her individual capacity. Plaintiffs' motion requesting the same is granted.

**II.     James Bird's Motion to Dismiss (#11)**

Bird does not specify under which rule of civil procedure he brings this motion.  It appears, however, that Bird's intent was to bring his motion under both Rules 12(b)(1) and 12(b)(6).  Therefore, the Court will analyze the motion under both of these rules.

**A.      Rule 12(b)(1)**

Bird argues that the Court lacks jurisdiction over this case because the Union and Trusts did not first arbitrate their claims before filing this lawsuit.  However, under Article XI, Section B, of the Labor Agreement "[i]f an Employer fails to make any contributions . . . the

1   Union shall have the right to file a grievance under the expedited grievance and arbitration

2   procedure . . . *or* to commence litigation, to recover the delinquency." (#14, Opposition, Ex. 1).

3   Under the express terms of the Labor Agreement, therefore, the Union could have filed a grievance

4   prior to filing this lawsuit—that is, it had the *right* to file a grievance—but it was not required to.

5   Rather, the Labor Agreement provided the Union the right to bypass the grievance process entirely

6   and commence a lawsuit. The same is true for the Trusts' claims against Bird. The Trusts are

7   permitted by the express language of the various Trust Agreements to commence litigation without

8   first submitting the matter to arbitration. (*Id.* at Ex. 1, Pension Agreement, § 4.3; Vacation

9   Agreement, § 6.03(a); Health Benefits Agreement, § 5.04). Accordingly, the Court finds it has

10  jurisdiction over this matter and denies Bird's motion to the extent it was brought under Rule

11  12(b)(1).

12      **B.      Rule 12(b)(6)**

13          A court may dismiss a plaintiff's complaint for "failure to state a claim upon which

14  relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short

15  and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P.

16  8(a)(2). While Rule 8 does not require detailed factual allegations, it demands "more than labels

17  and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*,

18  129 S. Ct. 1937, 1949 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual

19  allegations must be enough to rise above the speculative level." *Bell Atlantic Corp. v. Twombly*,

20  550 U.S. 544, 555 (2007). Thus, to survive a motion to dismiss, a complaint must contain

21  sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S. Ct. at

22  1949 (internal citation omitted).

23          Plaintiffs allege that Jim Bird Tile & Marble, Inc. agreed to be bound by the terms

24  of the Labor and Trust Agreements. Plaintiffs also allege these Agreements required Jim Bird Tile

25  & Marble, Inc. to make monthly contributions to the Trusts. Plaintiffs further allege that it

26  conducted an audit of Jim Bird Tile & Marble, Inc.'s business records and discovered that Jim

1  Bird Tile & Marble, Inc. failed to make contributions to the Trusts from September 2009 to

2  February 2010.  Plaintiffs also itemize with specificity the amount of contributions Jim Bird Tile

3  & Marble, Inc. failed to pay to the Trusts in that time period.  Finally, Plaintiffs cite the legal

4  authority and contractual provisions on which their claims rest.  The Court finds that these

5  allegations easily satisfy the requirements of *Iqbal* and *Twombly* as to Plaintiffs' claim for breach

6  of the Labor and Trust Agreements—their first claim for relief.

7  However, the Court dismisses Plaintiffs claims for breach of fiduciary duty (second

8  claim for relief) and misappropriation of trust funds (third claim for relief).  These are alternative

9  claims that are redundant and without a factual basis.  Jim Bird Tile & Marble, Inc.'s

10  responsibilities under the Trusts are to prepare monthly contribution reports, maintain adequate

11  records of work performed, and make contributions to the Trusts.  These duties do not require Jim

12  Bird Tile & Marble, Inc. to exercise any discretion over the administration of the Trust.  They

13  merely require it to gather data, make certain calculations to establish the amount of contributions,

14  and then make those contributions.  Once the contributions are made, Jim Bird Tile & Marble, Inc.

15  does not exercise control over the Trusts' actual accounts and the disposition of the assets from

16  those accounts.  Therefore, the Court dismisses Plaintiffs' second and third claims for relief.

17  Finally, the Court dismisses Plaintiffs' individual claims against Bird.  Plaintiffs'

18  argue that because Bird was the sole officer and/or controlling shareholder of Jim Bird Tile &

19  Marble, Inc., and because he was responsible for its day-to-day operations, he should be personally

20  liable.  The Court disagrees.  Bird signed the Labor Agreement as the President of Jim Bird Tile &

21  Marble, Inc., so the duty to make contributions is the company's, not Bird's personally.

22  Furthermore, there is no claim that Bird was commingling funds, that Jim Bird Tile & Marble, Inc.

23  was inadequately capitalized, or that any of the other traditional factors justifying personal liability

24  for corporate obligations are present.  And the Court has just found that Bird was not a fiduciary of

25  the Trusts.  Therefore, the Court dismisses Plaintiffs' claims against Bird individually.

26  ///

III.     **Plaintiffs' Motions for Summary Judgment**

Because the Court has dismissed Plaintiffs' second and third claims for relief, as well as the individual claims against Bird, the Court will only analyze Plaintiffs' claims against Jim Bird Tile & Marble, Inc.

A.      **Legal Standard**

The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court.  *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir.1994).  Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate.  *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995).  "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'"  *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (quoting *First Nat'l Bank v. Cities Service Co.*, 391 U.S. 253, 288–89 (1968)).  In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party.  *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

The moving party bears the burden of showing that there are no genuine issues of material fact.  *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982).  "In order to carry its burden of production, the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial."

*Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000).  Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial."  *Anderson*, 477 U.S. at 256.  The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Bank of America v. Orr*, 285 F.3d 764, 783 (9th Cir. 2002) (internal citations omitted).  "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

**B.    Analysis**

The Court finds that Plaintiffs' have presented sufficient evidence to obtain summary judgment for their claims against Jim Bird Tile & Marble, Inc.  Plaintiffs' evidence shows that in September 2009, Jim Bird Tile & Marble, Inc. entered into a collective bargaining agreement with the Union.  (#15, Motion for Summary Judgment, Ex. 4-1, Memorandum Agreement for Individual Employer).  Per that agreement, Jim Bird Tile & Marble, Inc. agreed to comply with the terms of the Labor Agreement.  (*Id*. at ¶ 1).  The Labor Agreement requires Jim Bird Tile & Marble, Inc. to make monthly contributions to the Trusts and submit monthly contribution reports to the Trusts. (*Id*. at Ex. 1, Art. XII, § A).  Plaintiffs retained Glenn Goodnough from the accounting firm Stewart, Archibald & Barney, to audit Jim Bird Tile & Marble, Inc.'s records for the time period of September 2009 through February 2010.  (*Id*. at Ex. 3, Declaration of Glenn Goodnough, ¶ 2).  Goodnough's audit revealed that Jim Bird Tile & Marble, Inc. failed to report and make certain contributions during that time period. (*Id*. at ¶ 7, Ex. 3-A). Plaintiffs provide an itemized list of the amount of contributions owed to the different Trusts (*Id*.). Defendants not only failed to provide contradictory evidence, they failed to respond at all to Plaintiffs' motion.  Therefore, the evidence before the Court shows there is no genuine dispute of

material fact as to Plaintiffs' remaining claim.  Accordingly, the Court grants Plaintiffs' motion as to their first claim for relief.

**IV.    Damages and Judgment**

Plaintiffs request that the Court enter judgment against Jim Bird Tile & Marble, Inc. in the total judgment amount of $34,898.24.  First, however, the Court denies Plaintiffs' request for liquidated damages.  Liquidated damages are only proper when the amount of damages caused by the breach is very difficult if not impossible to estimate, *Idaho Plumber & Pipefitters Health & Welfare Fund v. United Mechanical Contractors, Inc.*, 875 F.2d 212, 218 (9th Cir. 1989), which is not the case here as Plaintiffs' accountant has provided the exact amount of withheld contributions.  Second, the Court is not sure whether the amount of damages is calculated properly because (1) in their conclusion, Plaintiffs provide dates for the unpaid monthly contributions which are inconsistent with the dates provided in other places in the motion and by the accountant; (2) the amount of pre-judgment interest for unpaid monthly contributions appears to be calculated improperly.

Therefore, the Court refuses to enter judgment at this time and orders Plaintiffs to file a more detailed motion specifically outlining how each of the sums contributing to the total judgment amount were calculated.

///

///

///

///

///

///

///

///

///

1

2                                    **CONCLUSION**

3              Accordingly, and for good cause appearing,

4              IT IS HEREBY ORDERED that Bird's Motion to Dismiss (#11) is DENIED in part

5    and GRANTED in part.  The Court dismisses Plaintiffs' second and third claims for relief against

6    both Defendants for the reasons discussed in the order.  The Court further dismisses all of

7    Plaintiffs' claims against Bird individually.

8              IT IS FURTHER ORDERED that Plaintiffs' Countermotion for Summary

9    Judgment (#15) is DENIED.

10             IT IS FURTHER ORDERED that Plaintiffs' Motion for Summary Judgment (#26)

11   is CONDITIONALLY GRANTED, pending a corrected calculation of damages.

12             IT IS FURTHER ORDERED that Plaintiffs' Motion to Substitute Party (#35) is

13   GRANTED.  The Court substitutes Maureen Bird, in her capacity as Special Administrator for the

14   Estate of James B. Bird, for James B. Bird as a Defendant in this case.

15             Dated: March 8, 2012

16

17                                                   _____

18                                                   **ROGER L. HUNT**
                                                     **United States District Judge**

19

20

21

22

23

24

25

26